IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT L. LOEH,**

                    **Petitioner,**

        **v.**                                                **CASE NO. 04-3076-RDR**

**SECRETARY OF THE NAVY, et al.,**

                    **Respondents.**

<u>**MEMORANDUM AND ORDER**</u>

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed while petitioner was incarcerated in the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Having reviewed the record, the court finds this matter is ready for decision.

*BACKGROUND AND CLAIMS*

Petitioner was convicted by a general court martial on his plea of guilty to charges including the use, possession and distribution of narcotics. The sentence imposed included confinement for ten years, forfeiture of all pay and allowances, and dismissal from the Navy. The convening authority approved petitioner's sentence, but pursuant to the pretrial plea agreement, suspended all confinement in excess of five years.

In March 2004, while his appeal to the Navy-Marine Court of Criminal Appeals (NMCCA) was still pending, petitioner filed the instant habeas action. Approximately a month later, petitioner was released from confinement. In November 2004 the NMCCA upheld the findings and sentence of the trial court. Petitioner sought and

obtained a stay in the instant habeas action, pending resolution of petitioner's application for review by the Court of Appeals for the Armed Forces (CAAF).  On August 30, 2005, the CAAF denied further review of petitioner's claims.  On September 23, 2005, this court lifted its stay and directed respondents to show cause why the writ should not be granted.  On September 30, 2005, the Secretary of the Navy executed petitioner's sentence of dismissal.

In this action, petitioner seeks relief on thirteen grounds. Petitioner claims:

1. Prosecutorial misconduct by trial counsel's failure to disclose a co-conspirator's sworn statement that could have negated petitioner's guilt regarding the conspiracy charge, and that could have been used to impeach the credibility of the only witness called by the prosecution during petitioner's sentencing.

2. Unlawful command influence was exerted by the Commanding Officer over the pretrial investigation by administratively separating petitioner and his co-conspirators before the Article 32 hearing.

3. Selective prosecution of petitioner by the Commanding Officer after petitioner exercised his right to hire a civilian attorney.

4. The denial of effective assistance of conflict-free defense counsel during post-trial processing of his court-martial when defense counsel was transferred to the Staff Judge Advocate's Office upon completion of petitioner's court-martial.

5. A disproportionately harsh sentence was imposed compared to the sentences of his co-conspirators.

6. The Military Judge erred in determining the court-martial had been lawfully convened when petitioner was senior in rank and/or grade to five of the eight members listed in the Court-Martial Convening Order.

7. Prejudice by the convening authority's failure to

2

>     personally approve the results of petitioner's court-martial.
>
> 8.  The Staff Judge Advocate was disqualified from post-trial processing due to his involvement in pre-trial matters.
>
> 9.  The convening authority was disqualified as a result of the his involvement in pre-trial matters and his pretrial grant of leniency and testimonial immunity to petitioner's co-conspirator.
>
> 10. Ineffective assistance of counsel in petitioner's entry of a guilty plea to the knowing use of LSD.
>
> 11. Trial counsel failed to disclose Department of Defense testing standards for the positive use of LSD.
>
> 12. The Staff Judge Advocate abused concurrent jurisdiction in negotiating with the San Diego District Attorney to withdraw civilian charges so that the petitioner could be tried by the military courts.
>
> 13. Trial counsel failed to disclose Department of Defense violations in the undercover sale used to issue the anticipatory search warrant in petitioner's case.

In response to the court's show cause order, respondents filed a motion for summary judgment which the court treats as the functional equivalent of an answer and return. *See* 28 U.S.C. § 2243 (if judge entertaining a habeas application directs respondent to show cause why the writ should not be granted, respondent is to make a return certifying the true cause of the detention). *See also* Fed.R.Civ.P. 81(a)(2)(Federal Rules of Civil Procedure are applicable to habeas proceedings to the extent that the practice in such cases is not set forth in federal statute or in federal habeas

rules). Petitioner filed no response, but no traverse to an answer and return is required from a petitioner seeking relief under § 2241. *See* 28 U.S.C. § 2243(habeas applicant "*may*, under oath, deny any of the facts set forth in the return or allege any other material facts")*(emphasis added)*. Similar to the effect of an uncontested motion for summary judgment, however, "[t]he allegations of ... an answer to an order to show cause in a habeas corpus proceeding, *if not traversed*, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248 (*emphasis added*).

## STANDARD OF REVIEW

It is well settled that a federal court has limited authority to review court-martial proceedings. The scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808 (10th Cir. 1993), *cert. denied*, 510 U.S. 1091 (1994). If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition. Id.; Burns v. Wilson, 346 U.S. 137, 142 (1953). If an issue is brought before the military court and is disposed of, even summarily, the federal habeas court will find the issue has been given full and fair consideration. Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.) *cert. denied*, 476 U.S. 1184 (1986); Ingham v. Tillery, 42 F.Supp.2d 1188 (D.Kan.), *aff'd*, 201 F.3d 448 (10th Cir. 1999)(unpublished opinion). "[I]t is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Burns, 346 U.S. at 142.

*DISCUSSION*

Respondents assert the petition should be dismissed because all of petitioner's grounds were fully and fairly considered by the military courts. The court agrees.

There is no dispute that petitioner exhausted military remedies by personally submitting his thirteen grounds to the military appellate courts for consideration. *See* <u>United States v. Grostefon</u>, 12 M.J. 431, 436-377 (1982)(military review courts are required to consider all issues personally specified by the accused).

The NMCCR first discussed petitioner's allegation (Claim One) of prosecutorial misconduct by trial counsel's failure to disclose a sworn statement of one of petitioner's co-conspirators. The NMCCR found no reversible error even if non-disclosure were to be assumed, because petitioner failed to show that he suffered any prejudice.

The NMCCR next examined petitioner's allegation (Claim Five) that petitioner's sentence was disproportionate to the sentences imposed in related companion cases. The NMCCR noted petitioner's admission to participating in a conspiracy to distribute illegal drugs, the use of his residence as a base of operations, and his funding of most of the operation. Citing petitioner's rank as a commissioned officer and his central role in a criminal conspiracy with enlisted personnel, the NMCR found sentencing differences were based on each member's role in the drug ring and on each member's responsibility in the Navy.

And finally, the NMCCR stated that it had carefully examined and rejected all of petitioner's remaining allegations of error.

In the present case, petitioner reasserts the grounds he presented to the military courts for review, but identifies no legal

error in any of the findings or conclusions of the NMCCR.  Having carefully reviewed the record, the court finds no legal claim of substantial constitutional dimension that was not given adequate consideration with application of proper legal standards.  *See* Roberts v. Callahan, 321 F.3d 994, 996-97 (10th Cir. 2003)(stating factors to be considered in federal habeas court's determination of whether grounds asserted in habeas action were fully and fairly considered by the military courts).  Because the record makes it plain that all issues raised by petitioner were clearly presented in his military appeals and were fully scrutinized and fairly considered by the military courts, further review of petitioner's claims by this court would be inappropriate.  *See* Lips, 997 F.2d at 812 (district court not to make further inquiry of claims fully and fairly considered by the military courts).  The court thus concludes petitioner is entitled to no relief in this matter.

   IT IS THEREFORE ORDERED that respondent's motion for summary judgment (Doc. 23) is granted, and that the petition for writ of habeas corpus is denied.

   DATED:  This 6th day of September 2006, at Topeka, Kansas.

                                    s/ Richard D. Rogers
                                    RICHARD D. ROGERS
                                    United States District Judge